IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-00185-BO

THOMAS DEVITO,                              )
                                            )
            *Plaintiff*,                    )
v.                                          )
                                            )
BIOMET, INC.; BIOMET OTHOPEDICS,            )
LLC; BIOMET U.S. RECONSTRUCTION,            )        O R D E R
LLC; BIOMET MANUFACTURING, LLC;             )
ZIMMER HOLDINGS, INC.; ZIMMER,              )
INC.; ZIMMER BIOMET HOLDINGS,               )
INC.; ROBERT VAVRINA; and NORTH             )
CAROLINA DISTRIBUTORS,                      )
                                            )
            *Defendants*.                   )

This matter is before the Court on plaintiff Thomas DeVito's motion for a court order dismissing defendant Robert Vavrina. [DE 25]. Although not required by the text of Rule 42(a)(2), all parties that have appeared in the case have agreed that DeVito may dismiss his claims against Vavrina from this action without prejudice. *See* [DE 25].

Although Rule 41 refers to the voluntary dismissal of an "action" not voluntary dismissal of parties or causes of action, *see* Fed. R. Civ. P. 41(a), the "weight of judicial authority" indicates that it permits voluntary dismissal of all claims against a defendant. *See* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2362 (4th Ed. 2023). At its core, "[t]he purpose of Rule 41(a)(2) is freely to allow voluntary dismissal unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). The Fourth Circuit instructs district courts faced with a motion to dismiss without prejudice under Rule 41(a) to "consider

factors such as the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal, as well as the present stage of litigation." *Howard v. Inova Health Care Services*, 302 F.App'x 166, 178–79 (4th Cir. 2008).

After considering those factors, Vavrina's motion, Rule 41(a)(2), and all relevant matters, the Court concludes that DeVito has established that dismissal without prejudice is appropriate and there is no risk of prejudice to Vavrina or the remaining parties. Accordingly, the Court, in the exercise of its discretion, **GRANTS** DeVito's motion. Plaintiff's claims against Vavrina are dismissed without prejudice. In light of the dismissal of Devito's claims against Vavrina, the Court finds that Vavrina's pending motion to dismiss and for judgment on the pleadings are moot.

For all these reasons, the Court **GRANTS** DeVito's motion [DE 25] and **ORDERS** as follows:

- DeVito's claims against Vavrina are **DISMISSED** without prejudice.
- Vavrina's motion to dismiss for failure to state a claim [DE 16] is **DENIED as moot.**
- Vavrina's motion for judgment on the pleadings [DE 19] is **DENIED as moot**.

SO ORDERED, this ⎵ day of March 2024.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE